No. 24838.

THE PEOPLE OF THE STATE OF COLORADO *v.* BOBBY GEAN DRUMRIGHT.
(475 P.2d 329)

Decided October 13, 1970.

578

Floyd Marks, District Attorney, Seventeenth Judicial District, Stanley B. Bender, Chief Deputy, Harlan R. Bockman, Assistant, for plaintiff-appellee.

Sol Cohen & Morton L. Davis, for defendant-appellant.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This is an interlocutory appeal under C.A.R. 4.1 from a decision of the district court of Adams County denying

a motion to suppress as evidence the articles recovered as a result of a search and seizure conducted pursuant to a search warrant. We reverse the ruling of the trial Court.

Defendant-Appellant, Bobby Gean Drumright, was arrested and charged with procuring (violation of C.R.S. 1963, 40-9-10). As a result of a search of the defendant's home prior to his arrest, the officer recovered, *inter alia,* slips of paper which divulged the identity and whereabouts of certain persons who were subsequently endorsed on the information as witnesses against the defendant.

Defendant contends, and we agree, that the warrant under which the search was conducted was insufficient in that it failed to describe the property to be seized as required by Crim. P. 41(c).

■ The rule provides in pertinent part that the judge "shall issue a search warrant *identifying the property* and naming or describing the person or place to be searched. * * * It shall command the officer to search forthwith the person or place named *for the property specified.*" (Emphasis added.)

■ An examination of the warrant in question discloses that in the space provided for the description of the property to be seized there appeared a description of the location of the home of the defendant. We presume that this incorrect language doubtless was inserted by mistake, and that the person who completed the warrant intended to insert the required description of the property to be seized. This is, however, not the type of mere "technical omission" that we excused in *Brown v. People,* 158 Colo. 561, 408 P.2d 981. It goes rather to the very essence of the constitutional requirement that a warrant describe "the person or *thing* to be seized, as near as may be * * *." Colo. Const. Art. II, Sec. 7. (Emphasis added.)

■ The necessity for compliance with the require-

ment was stated in *Hernand~ ~ People,* 153 Colo. 316, 385 P.2d 996, as follows:

"* * * [T]he search * * * must be one in which the officers *are looking for specific articles* and must be conducted in a manner reasonably calculated to uncover such articles. Any search more extensive than this constitutes a general exploratory search and is squarely within the interdiction of the constitutional guarantee against unreasonable search and seizure. * * *" (Emphasis added.)

The People attempt to justify the court's ruling by arguing that the affidavit correctly described the property to be seized as books, records, etc. used in procuring and that the defect in the warrant was cured because the affidavit was served simultaneously with the search warrant. There is, however, nothing in the record to support the statement that a copy of the affidavit was served on the defendant. We, therefore, decline to pass on whether such service might have remedied the defect.

██ The People further argue that we should uphold the trial court on the additional ground that the search of the house trailer in which the defendant resided was valid as a search incident to a lawful arrest. Cited in support of this contention is *Lavato v. People,* 159 Colo. 223, 411 P.2d 328, for the proposition that the arrest need not precede the search for the latter to be lawful, with which we are in accord. In the instant case, however, the record establishes that the officers searched the trailer for at least two hours before arresting the defendant. The lapse of so much time between the inception of the search and arrest falls short of the requirement set forth in *Lavato* that the two acts (search and arrest) be "nearly simultaneous and constitute for all practical purposes one transaction."

██ Inasmuch as the search warrant was defective, and the search conducted by the officers was not incident to an arrest, the defendant is entitled, as provided by Crim. P. 41 (e), to have the property seized as a result of the search returned to him. In addition, any "fruits" of the

unlawful search and seizure, such as the identity of witnesses, must also be suppressed.

The ruling of the trial court is reversed and the cause is remanded with directions to grant the motion to suppress.