**In the Matter of Seizure of PROPERTY BELONGING TO TALK OF THE TOWN BOOKSTORE, INC., a Delaware Corp.**

**UNITED STATES of America, Plaintiff-Appellant,**

v.

**PROPERTY BELONGING TO TALK OF THE TOWN BOOKSTORE, INC., a Delaware Corp., Defendant-Appellee.**

No. 77–3750.

United States Court of Appeals, Ninth Circuit.

Argued March 10, 1980.

Submitted March 17, 1980.

Decided May 11, 1981.

Rehearing and Rehearing En Banc Denied July 22, 1981.

Rimantas A. Rukstele, Asst. U. S. Atty., Las Vegas, Nev., argued for plaintiff-appellant; Lawrence J. Semenza, Las Vegas, Nev., on brief.

Alan B. Andrews, Las Vegas, Nev., for defendant-appellee.

Before BROWNING, Chief Judge, KILKENNY, Circuit Judge, and EAST,* District Judge.

BROWNING, Chief Judge:

The owners of Talk of the Town Bookstore, Inc. and Peek-a-Rama Movie Arcade ("Bookstore") moved pursuant to Fed.R. Crim.P. 41(e) for an order requiring the return of certain books, magazines, films and records seized by agents of the Federal Bureau of Investigation, and suppressing their use as evidence. The district court granted the motion, on the ground that the two search warrants upon which the seizures were based failed to specify with sufficient particularity the items to be seized. The government appealed.

The government argued that the constitutionally required particularity in the description of the things to be seized was provided by details stated in the affidavits upon which the warrants were issued. The district court rejected the government's argument on the basis of *United States v. Marti*, 421 F.2d 1263 (2d Cir. 1970).

It is the general rule "that the generality of a warrant cannot be cured by the specificity of the affidavit which supports it." *United States v. Johnson*, 541 F.2d 1311, 1315 (8th Cir. 1976) (*per curiam*). The Second Circuit applied this rule in *Marti*, holding that "specificity is required in the warrant in addition to the affidavit in order to limit the discretion of executing officials, . . . and to give notice to the person subject to the search what the officers are entitled to seize." *United States v. Marti, supra*, 421 F.2d at 1268.

In *Marti*, the affidavit was not mentioned in the warrant, and there was no indication

---

* Honorable William G. East, Senior Judge, United States District Court for the District of Oregon, sitting by designation.

that the affidavit was either attached to the warrant or otherwise available at the time of the search for examination by the person to be searched. *Marti* is therefore like *United States v. Drebin,* 557 F.2d 1316 (9th Cir. 1977), in which the warrant itself provided no guidelines for determining the particular items that fell within the broad description of things to be seized, and the affidavit apparently was not made a part of the warrant. *Id.* at 1322–23.

■ The rule that specificity in the affidavit may not be relied upon to correct undue generality in the warrant does not apply when the reasons for the rule are not present. Accordingly, "it has been held that the warrant may properly be construed with reference to the affidavit for purposes of sustaining the particularity of the premises to be searched, provided that a) the affidavit accompanies the warrant, and b) the warrant uses suitable words of reference which incorporate the affidavit therein." *United States v. Johnson, supra,* 541 F.2d at 1315. *See United States v. Klein,* 565 F.2d 183, 186 n.3 (1st Cir. 1977) (dictum); *United States v. Freeman,* 532 F.2d 1098, 1100 (7th Cir. 1976); *United States v. Womack,* 509 F.2d 368, 382 (D.C. Cir. 1972); *Moore v. United States,* 461 F.2d 1236, 1238 (D.C. Cir. 1972). *Cf. United States v. Roche,* 614 F.2d 6, 8–9 (1st Cir. 1980); *In re Application of Lafayette Academy, Inc.,* 610 F.2d 1, 4–5 (1st Cir. 1979). When the affidavit is incorporated into the warrant and limits the generality of the description in the warrant, the discretion of the officers executing the warrant is limited. When the affidavit accompanies the warrant, the person being searched has notice of the specific items the officer is entitled to seize.

The warrants in this case commanded the executing officers "to seize only the above specified property as described in the Affidavits attached to this search warrant ..." and "to seize only those books, magazines, and films which depict the specific sex acts described in the Affidavits." The affidavits described the following specific sex acts: "scenes of seven and eight year old children who are engaged in the nude in both gay and straight sexual activities"; "close-up scenes of nude men and women engaging in sexual intercourse, felatio [sic] and cunnilingus"; "group sex, golden showers (individuals urinating on one another), bi-sexual activities and both straight and gay orgies"; "persons engaging in various activities with animals and bondage scenes"; "ultimate sexual acts, normal and perverted, masturbation and close-ups of the genitals"; "nude couples engaging in sexual intercourse and other sex acts; nude group sex; [and] bisexual sex ...."

■ Although the particularity requirement of the fourth amendment is to be accorded "the most scrupulous exactitude" when first amendment rights are involved, *Stanford v. Texas,* 379 U.S. 476, 485, 85 S.Ct. 506, 511, 13 L.Ed.2d 431 (1965), these descriptions were sufficiently specific. The *Marti* court, for example, would have been satisfied if the films to be seized had been described as those "depicting natural or unnatural sexual acts." *United States v. Marti, supra,* 421 F.2d at 1268.

The warrants expressly limited the property subject to seizure to that described in detail in the incorporated affidavits; "[a]s to what [was] to be taken, nothing [was] left to the discretion of the officer executing the warrant." *Marron v. United States,* 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927). Since the affidavits were physically attached to the warrants, the persons on the premises at the time of the search were provided with notice of which items the officers were authorized to seize.

We conclude that any generality in the warrants was cured by the incorporation and attachment of the affidavits.

REVERSED.