Gary **RICKERT, Garrick, Inc., Resort Development, Inc., and Resort Management, Inc., Appellants,**

v.

Special Agents Thomas P. **SWEENEY, William Thompson, William Scheitlin, R. Dieffendeffer, David Kretchmar, J.M. Klein, Glen Noeltner, Other Unknown Named Special Agents of the Criminal Investigation Div. of I.R.S., Dept. of the Treasury of the United States of America, Appellees.**

No. 86–1884.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1987.

Decided March 13, 1987.

David V. Capes, Clayton, Mo., for appellants.

James G. Martin, Asst. U.S. Atty., St. Louis, Mo., for appellees.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Gary Rickert, Garrick, Inc., Resort Management, Inc. and Resort Development, Inc. appeal from the district court's denial of their motion for return of seized property made pursuant to Fed.R.Crim.P. 41(e). They argue that the search warrant obtained by the IRS was overbroad and failed to state with particularity the items to be seized. For the reasons discussed below, we reverse and remand to the district court for further proceedings.

## I. BACKGROUND

Gary Rickert is president of three development corporations, Garrick, Inc., Resort Management, Inc., and Resort Development, Inc. (Rickert Companies) which were designated in the search warrant. The Rickert Companies are engaged in substantial real estate development at the Lake of the Ozarks, Missouri. During 1985 and 1986, the IRS conducted an audit of the companies. Subsequently, on April 30, 1986, IRS agents executed a search warrant at the offices of the Rickert Companies. The warrant stated that probable cause existed to believe that evidence of criminal activity was concealed on the premises. The warrant authorized the agents to search and seize

[R]ecords, documents, papers, correspondence, and similar evidence relating to the period January 1, 1980 through April 30, 1986, including but not limited to: ledgers, journals, books of account, bills, receipts, bank records, bank deposit books, checkbooks, telephone books, investor files, contract-for-deeds, real estate documents, notes, financial statements, records and documents relating to assets and liabilities, checks, money orders, accounts receivable records, and accounts payable records, computer hardware, floppy discs, tapes or other memory retention media, software-user manuals and access discs, internal instructions for computer use, and similar books and records, belonging to Gary W. Rickert, Hoyt N. McPherson, Garrick, Inc., Resort Development, Inc., Resort Management, Inc., and Professional Financial Services, Inc., which are instrumental means and evidence of the commission of offenses in violation of Title 18, United States Code, Section 371, and Title 26, United States Code, Sections 7206(2) and 7201.

The IRS agents proceeded to seize all the records located at the premises. In addition, they seized metal file cabinets, dictating equipment, a slide projector, unsigned personal credit cards, an IBM–PC computer, pictures, miniature calculators, bank forms, rolodex holders, an IBM–PC Letter Quality Printer and two briefcases. The affidavit underlying the search warrant had been sealed as confidential by the district court and, therefore, did not accompany the warrant served on Gary Rickert and his companies.

The IRS has allowed the Rickert Companies to photocopy documents since the seizure. Mr. Rickert's unrebutted affidavit, however, states that the seizure has resulted in the near total cessation of all business activity. No indictment has yet been returned.

The Rickert Companies filed a motion for return of seized property pursuant to Fed.R.Crim.P. 41(e). They claimed that the warrant lacked sufficient specificity and particularity as required by the fourth amendment. They also asked that the affidavit supporting the search warrant be un-

sealed by the court. The district court denied Rickert's motion, finding that the sealed affidavit and references to statutory offenses provided the necessary specificity. The court also ordered that the affidavit remain sealed. This appeal followed, despite Rickert's lack of access to the sealed affidavit.

## II. DISCUSSION

We initially note that unlawful seizure beyond the limitations of an otherwise valid search warrant does not automatically render the entire search invalid. *Marvin v. United States*, 732 F.2d 669, 674 (8th Cir. 1984). Accordingly, we must look at the valid reach of the search warrant and determine what if anything was seized outside its scope.

The fourth amendment prohibits general searches and requires that a search warrant describe with particularity the items to be seized. *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976); *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). Inclusion of a statutory reference can sufficiently limit the scope of a search and thus provide the necessary particularity. *See In re Grand Jury Proceedings*, 716 F.2d 493, 499 (8th Cir.1983).

In the present case, the warrant on its face authorizes a general search limited only by references to the general conspiracy statute, 18 U.S.C. § 371, and general tax evasion statutes, 26 U.S.C. §§ 7201 and 7206(2). Section 371, however, has been held to be too broad in scope to provide any real limitation on the warrant. *Voss v. Bergsgaard*, 774 F.2d 402, 405 (10th Cir. 1985). Tax Code Section 7201 has also been held insufficient to limit a search of business records. *United States v. Cardwell*, 680 F.2d 75, 77 (9th Cir.1982). 26 U.S.C. § 7206(2) is merely the general aiding and abetting statute for tax evasion.

■ These statutes do not limit the search in any substantive manner. On its face, the warrant authorizes general rummaging through the offices and company records. All business records may be seized, however, if probable cause exists to believe that the entire enterprise has engaged in a pervasive scheme to defraud the IRS. *Voss*, 774 F.2d at 405. Such is not the case here. The district court made no finding that the Rickert Companies were engaged in such a scheme, nor did the Government ask for such a finding. Furthermore, upon examination of the sealed affidavit, we note that probable cause existed only to search for evidence of tax evasion in connection with one particular project. Accordingly, probable cause did not exist to conduct a general seizure, but only for evidence of the project described in the affidavit.

■ Although probable cause existed to search the records of one particular project, the warrant failed to so limit the search. The affidavit, which provides the necessary limits, was not incorporated into the warrant nor was it even brought to the scene. An affidavit may provide the necessary particularity for a warrant if it is either incorporated into or attached to the warrant. *United States v. Wuagreux*, 683 F.2d 1343, 1351 n. 6 (11th Cir.1982); *United States v. Roche*, 614 F.2d 6, 8 (1st Cir. 1980). Sufficient particularity may also be provided even if the affidavit is merely present at the search. *Wuagreux*, 683 F.2d at 1351 n. 6. In any event, some measure must be taken not only to limit the discretion of the executing officer but also to inform the subjected person what the officers are entitled to take. *In the Matter of the Application of Lafayette Academy*, 610 F.2d 1, 5 (1st Cir.1979).

Nothing presented at the search limited the discretion of the IRS agents nor have Rickert or his companies ever been informed what the officers were entitled to take. This is especially disturbing in light of the magnitude of the seizure actually executed which, as we have noted above, exceeds the scope of probable cause.

Because the warrant lacks sufficient particularity under the fourth amendment without the affidavit, we reverse and remand this case to the district court. Unless the district court discloses the affidavit to Rickert and his companies, the court must declare the entire warrant invalid for lack of particularity and order return of all the seized material.

If the affidavit is disclosed to Rickert, the court is further directed to determine which items were seized within the scope of the affidavit's probable cause. The Government may retain possession of these items, making them available to Rickert and his companies so that they may make copies at their expense. Those items that were seized outside the scope of probable cause must be returned to Rickert immediately.[1]

Accordingly, we reverse and remand this cause to the district court for speedy determination of the affidavit's disclosure and for the return of all or part of the seized property in conformity with this opinion.

---

**1.** We note in particular the Government's seizure of computer hardware and other office equipment. We fail to see how such equipment in and of itself can be evidence of criminal activity. The district court should order forthwith return of this equipment.