The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Michael Thomas DONAHUE,
Defendant–Appellee.

The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Bert Edward GOBLE,
Defendant–Appellee.

Nos. 87SA170, 87SA235.

Supreme Court of Colorado,
En Banc.

March 7, 1988.

Reid C. Pixler, Dist. Atty., Montrose, for plaintiff-appellant in No. 87SA170.

McMichael, Benedict & Multz, William H. Kain, III, Grand Junction, for defendant-appellee in No. 87SA170.

Reid Pixler, Dist. Atty., Montrose, Everett Engstrom, Deputy Dist. Atty., Denver, for plaintiff-appellant in No. 87SA235.

McMichael, Benedict & Multz, Rennard E. Hailey, Grand Junction, for defendant-appellee in No. 87SA235.

VOLLACK, Justice.

This case involves two suppression orders entered by the Delta County Court. The orders suppressed all evidence seized pursuant to two search warrants, because each search warrant failed to allege with particularity the items to be seized. We affirm the suppression order in *People v. Donahue.* We dismiss the appeal in *People v. Goble.*

I.

On October 7, 1986, the Colorado Bureau of Investigation (CBI) culminated its investigation into the drug related activities of Bert Edward Goble and Michael Thomas Donahue with a raid on Goble's farm. More than one hundred pounds of marijuana were seized together with small amounts of psilocybin mushrooms and cocaine. Both Goble and Donahue were arrested and separately charged with violating a number of controlled substance laws.

Both cases were bound over from county court to Delta County District Court with a stipulated waiver of preliminary hearing.

On the morning of the raid, CBI Agent Jack Haynes obtained a search warrant for the buildings on Goble's farm. The next day Agent Haynes obtained a second search warrant for the land adjacent to those buildings. Acting as the affiant for each search warrant, Agent Haynes described the area to be searched by means of photographs and hand-drawn maps which he attached to the search warrant. However, he failed to attach to the search warrant the separate page he had prepared that specified the items to be seized. Both search warrants contained the same defect.

Pursuant to Crim.P. 41(e), Goble and Donahue separately moved to suppress all evidence seized on the ground that both warrants were facially defective because they failed to specify with particularity the items to be seized. On February 23, 1987, the district court issued a written order suppressing all evidence against Goble seized pursuant to these search warrants on the ground that the warrants were facially defective because they failed to specify with particularity the items to be seized. The district court entered a similar order with respect to Donahue on April 28, 1987. The People now seek review of the suppression of evidence against Goble pursuant to section 16–12–102, 8A C.R.S. (1986), and file an interlocutory appeal of the suppression of the evidence against Donahue pursuant to C.A.R. 4.1.

## II.

■ The People concede that they had filed an untimely interlocutory appeal of the order suppressing evidence against Go-ble. C.A.R. 4.1(b) requires an interlocutory appeal to be filed within ten days from the entry of the contested order. The People had filed their notice of appeal with this Court on March 9, more than ten days after the February 23 suppression order concerning Goble was entered, and the People then appropriately moved to dismiss the appeal.

On April 21, 1987, the People filed a motion to dismiss without prejudice all charges against Goble in the district court.[1] The district court granted the motion to dismiss without prejudice on April 28. On June 12, the People filed a notice of appeal pursuant to section 16–12–102, 8A C.R.S. (1986), seeking review by this Court of the February 23 suppression order. On July 31, 1987, this court denied Goble's motion to dismiss the appeal and consolidated the case of *People v. Goble* with *People v. Donahue.*

Failure to file a timely appeal is a jurisdictional defect. *Clasby v. Klapper,* 636 P.2d 682, 684 (Colo.1981). It is an improper application of section 16–12–102 to attempt to cure such a jurisdictional defect by requesting a trial court to dismiss the case and then appealing the issues raised in the original suppression order. Section 16–12–102 permits the prosecution to "appeal any decision of the trial court in a criminal case upon any question of law." Section 16–12–102, however, "must be interpreted consistently with applicable rules of procedure and judicial precedent indicative of the legislative intent underlying the statute." *People v. Hinchman,* 40 Colo.App. 9, 13, 574 P.2d 866, 869 (1977), *aff'd in part, rev'd in part,* 196 Colo. 526, 589 P.2d 917 (1978), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979). To allow the People voluntarily to request dismissal in

---

1. The text of the People's motion to dismiss is as follows:

> COMES NOW the People by and through Reid C. Pixler, the District Attorney of the Seventh Judicial District, State of Colorado, and respectfully move this Honorable Court to dismiss with out [sic] prejudice the charges filed in this action, and to show grounds state:
>
> 1. The evidence against the defendant has been suppressed by the Trial Court in this proceeding.

> 2. The People attempted to perfect an interlocutory appeal to review the suppression of evidence, but could not cause to be delivered to the Court in a timely fashion the Notice of Appeal.
> 3. Whereupon the interlocutory appeal has been dismissed.
> 4. The People cannot in good faith proceed with the prosecution of this action without obtaining further evidence.
> WHEREFORE the People respectfully move to dismiss this case without prejudice....

order to obtain previously lost jurisdiction is an improper application of section 16–12–102. "If the petition is merely a surrogate for an appeal, and the time has passed within which appeal would be proper, then this court has no jurisdiction to entertain appellant's contentions." *Nenadic v. Grant Hosp.,* 75 Ill.App.3d 614, 622, 31 Ill.Dec. 325, 332, 394 N.E.2d 527, 534 (1979).

### III.

 The People, on May 8, 1987, filed a timely notice of interlocutory appeal of the April 28 order suppressing evidence against Michael Thomas Donahue. In their appeal, the People for the first time argue that the suppression order should be reversed because Agent Haynes' failure to attach to the search warrant a description of the items to be seized should be treated as a good faith exception to the exclusionary rule.[2] This question was not presented to the trial court and may not be raised for the first time on appeal. *See, e.g., People v. Martinez,* 634 P.2d 26 (Colo.1981); *People v. Carr,* 185 Colo. 293, 524 P.2d 301 (1974). We therefore confine our inquiry to the sufficiency of the search warrant.

■ The sufficiency of a search warrant can be determined by examining only the four corners of the search warrant. *People v. Chase,* 675 P.2d 315, 317 (Colo.1984). Here the search warrant failed to specify the items to be seized, and the document that did specify the items to be seized was not attached to the search warrant. This search warrant is constitutionally defective because it failed to describe with specificity the items to be seized. U.S. Const. amend. IV; Colo. Const. art. II, § 7. Therefore, the district court was correct in suppressing the evidence seized pursuant to the defective search warrant. *People v.*

2. The good faith exception to the exclusionary rule is based on *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and *People v. Deitchman,* 695 P.2d 1146 (Colo.1985). The statutory claim of good faith is based on section 16–3–308, 8A C.R.S. (1986), which provides in pertinent part:

　　**Evidence—admissibility—declaration of purpose.** (1) Evidence which is otherwise admissible in a criminal proceeding shall not

*Drumright,* 172 Colo. 577, 580, 475 P.2d 329, 330 (1970); Crim.P. 41(c).

The order suppressing evidence against Donahue is affirmed. The Goble appeal is dismissed.

be suppressed by the trial court if the court determines that the evidence was seized by a peace officer, as defined in section 18–1–901(3)(1), C.R.S., as a result of a good faith mistake or of a technical violation.

　　(2) As used in subsection (1) of this section:

　　(a) "Good faith mistake" means a reasonable judgmental error concerning the existence of facts or law which if true would be sufficient to constitute probable cause.