UNITED STATES of America, Plaintiff–Appellant,

v.

David W. STUBBS, Defendant–Appellee.

No. 88–5118.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1989.

Memorandum April 5, 1989.

Opinion April 21, 1989.

---

* The HONORABLE JOHN R. BROWN, Senior Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

William Braniff, U.S. Atty., Bruce R. Castetter, D. Thomas Ferraro, Asst. U.S. Attys., and Nancy L. Worthington, Acting U.S. Atty., San Diego, Cal., for plaintiff-appellant.

J. Clancy Wilson, Branton & Wilson, APC, San Diego, Cal., for defendant-appellee.

Before SNEED, FARRIS and PREGERSON, Circuit Judges.

FARRIS, Circuit Judge:

The United States appeals the district court's order suppressing evidence seized pursuant to a search warrant from David W. Stubbs's business, Dave Stubbs Real Estate, Inc. We affirm.

The Fourth Amendment requires that a warrant sufficiently describe items which may be seized. The "description must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized." *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir.1986). In determining whether a description is sufficiently precise, we have focused on one or more of the following:

(1) whether probable cause exists to seize all items of a particular type described in the warrant, ... (2) whether the warrant sets out objective standards by which executing officers can differentiate items subject to seizure from those which are not, ... and (3) whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued....

*Id.* at 963 (citations omitted).

■ We find an absence of probable cause to seize all documents in Stubbs's office. The affidavit fails to provide probable cause for a reasonable belief that tax evasion permeated Stubbs's entire real estate business. Instead, the affidavit details certain aspects of the operation which were used to evade taxes.

Because there was not probable cause to seize all documents in Stubbs's office, the warrant was defective in that it did not provide objective standards by which an executing officer could determine what could be seized. At oral argument, the government insisted that the district court held the warrant invalid *solely* because the warrant did not refer to the controlling criminal code section. The government's interpretation of the language used by the court differs from ours. The court found the warrant invalid, not because of the lack of a code section, but because of the complete lack of any standard by which an executing officer could determine what to seize.

The warrant should have been far more specific. No reason is given for the failure, and the IRS had the cooperation of two of Stubbs's former employees, both of whom knew where various documents were kept. The IRS knew both what the seizable documents looked like and where to find them, but this information was not contained in the warrant.

Our decisions in *Spilotro* and *United States v. Cardwell*, 680 F.2d 75 (9th Cir. 1982) control. The warrant was even less descriptive than the warrants considered in *Spilotro* and *Cardwell*. It authorized the seizure of:

[a]ccounts and business records from May, 1977, through May, 1984 relating to: master cash receipts and disbursements journals; rental commission ledgers; general ledgers; check books; closed escrow logs; closed escrow files; cancelled checks and check stubs thereto; bank statements; deposit slips; cashier check receipts; cancelled trust account checks and check stubs thereof; credit card sales receipts and statements; trust deeds, notes, and copies thereof made out to DAVID STUBBS' father, JACKSON STUBBS; cancelled checks for maintenance fees and check stubs thereto; 3 × 5 card file box containing cards with financial account numbers, their locations, and other account information of DAVE STUBBS REAL ESTATE, INC. and DAVE STUBBS; records of interest earned from trust funds; records of health insurance plans including but not limited to employee pay stubs, cancelled checks to health insurance plan organizations and check stubs thereto, and health insurance ledgers and statements for DAVE STUBBS REAL ESTATE, INC. and DAVE STUBBS.

It contained no reference to any criminal activity. The warrant merely described broad classes of documents without specific description of the items to be seized. The court did not err in finding the warrant defective.

■ The government argues that even if the warrant was not sufficiently descriptive, any inadequacies in the warrant can be "cured" by reference to the affidavit filed in support of the warrant. We will not, however, rely on an affidavit to cure the generality of a warrant where the affidavit is not "attached to and incorporated by reference in the warrant[ ] ..." *Spilotro*, 800 F.2d at 967. Alternatively, the government argues that even if certain items are too broadly described in the warrant, other items are sufficiently described.

Thus, the warrant is partially valid, and the valid portions should be severed and upheld. The severance doctrine is inapplicable in "the context of a far more extensive warrant and a far more extensive search, all of which is invalid as too general." *Spilotro*, 800 F.2d at 967–968.

■ Finally, the government argues that even if the warrant was invalid, the evidence seized is admissible under the "good faith" exception to the exclusionary rule. "If the executing officers act in good faith and in reasonable reliance upon a search warrant, evidence which is seized under a facially valid warrant which is later held invalid may be admissible." *United States v. Michaelian*, 803 F.2d 1042, 1046 (9th Cir.1986) (citing *United States v. Leon*, 468 U.S. 897, 926, 104 S.Ct. 3405, 3422, 82 L.Ed.2d 677 (1984). The good faith exception is not available where "the executing officer simply could not have reasonably relied on a facially deficient warrant." *Id.* The warrant was not facially valid, and thus could not have been relied upon in good faith as valid. *See United States v. Washington*, 797 F.2d 1461, 1473 (9th Cir. 1986) (holding that executing officers could not reasonably presume facially overbroad warrant to be valid). *See also Leon*, 468 U.S. at 923, 104 S.Ct. at 3421 (holding that evidence must be suppressed if a warrant is "so facially deficient—*i.e.*, in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid"). *But cf., United States v. Accardo*, 749 F.2d 1477, 1481 (11th Cir.), *cert. denied sub nom. Pinckard v. United States*, 474 U.S. 949, 106 S.Ct. 314, 88 L.Ed.2d 295 (1985) (applying good faith exception to overbroad warrant).

## CONCLUSION

The record supports the district court's finding that the search warrant is overbroad. It fails to sufficiently describe the items to be seized. The affidavit filed in support of the warrant does not cure the deficiency because the affidavit was neither attached to the warrant nor incorpo-

rated by reference. Severance is improper because of the overbreadth of the warrant as a whole. The "good faith" exception does not apply because the warrant is facially deficient.

AFFIRMED.