**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**SCOTT WHITNEY, Defendant**

High Court of American Samoa
Trial Division

CR No. 26-91

July 17, 1991

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel:   For Plaintiff, Thomas E. Dow, Assistant Attorney General
For Defendant, Robert A. Dennison III

Defendant has moved for an order returning items seized pursuant to a search warrant and suppressing the use of such items against him. He argues, inter alia, that the warrant was defective because it does not describe the premises to be searched or the items to be seized with the particularity required by the Fourth Amendment of the United States Constitution; Art. I, § 5 of the Revised Constitution of American Samoa; and T.C.R.Cr.P. 41. We agree.

12

Clearly the warrant alone cannot pass constitutional muster since it fails to even name the places to be searched. However, the government argues that a supporting affidavit was attached to the warrant, thus adding the requisite particularity. Traditionally, a warrant that is too general cannot be cured by the specificity of an underlying affidavit, United States v. Johnson, 541 F.2d 1311, 1315 (8th Cir. 1976), but an affidavit may sometimes cure a defective warrant if the warrant plus affidavit limited the discretion of the officers executing the search and informed the person whose property was seized what the officers were entitled to take. . Rickert v. Sweeney. 813 F.2d 907, 909 (8th Cir. 1987).

Most circuits have held that a search warrant may sometimes be construed along with its supporting affidavit to satisfy the particularity requirement, U.S. v. Maxwell, 920 F.2d 1028, 1031 (D.C.Cir. 1990), but differ as to what circumstances are needed to construe the warrant with reference to the affidavit. The Ninth Circuit allows an affidavit to supply the particularity lacking in a warrant only if it accompanies the warrant and the warrant uses suitable words of reference which incorporate the affidavit. United States v. Hillyard, 677 F.2d 1336, 1340 (9th Cir. 1982); United States v. Spilotro, 800 F.2d 959, 967 (9th Cir. 1986); United States v. Luk, 859 F.2d 667, 675 (9th Cir. 1988); Center Art Galleries-Hawaii, Inc. v. United States, 875 F.2d 747, 750 (9th Cir. 1989); and United States v. Stubbs, 873 F.2d 210, 212 (9th Cir. 1989). Other circuits have applied the criteria of attachment and incorporation-by-reference less rigidly. See U.S. v. Luk, 859 F.2d at 676 n.8 and cases cited therein; U.S. v. Maxwell, 920 F.2d at 1032 n.2 and cases cited therein.

The warrant herein does not expressly incorporate the underlying affidavit; under the Ninth Circuit test it stands alone and does not have the particularity required by the Fourth Amendment. However, we need not decide here under what circumstances a warrant in American Samoa can be construed to be in reference to a supporting affidavit - both the warrant and affidavit in question are so overbroad and unparticularized as to what may be seized that the warrant would be deficient even if construed in reference to the affidavit.

The warrant authorized the executing agents to seize:

[¶ 1]    books, magazines, booklets, receipts, pictures, photographs, medicines, narcotics or narcotics paraphernalia

13

and automobiles;

[¶ 2] Said properties are possessed in violation of the laws of American Samoa and constitute evidence of commission of criminal offenses, in violation of §§ 46.3611 [sodomy], 46.3612 [deviate sexual assault], 46.3615 [first degree sexual abuse], 46.4402 [first degree promoting pornography], 46.4613 [false impersonation], 13.1020 [dispensing controlled substance], 13.1022 [possession of controlled substance] A.S.C.A.

The supporting affidavit of the investigating officer used the identical language of ¶ 1, but instead of ¶ 2 noted that these items "is/are property that constitutes evidence of a criminal offense and/or contraband, the fruits of a crime, or otherwise criminally possessed; and/or property designed or intended for use or which is or has been used as the means of committing a criminal offense." As grounds for his belief that these items were at the places named in the affidavit, the officer said that the complaining minor had told him that, <u>following</u> the alleged criminal acts, the minor had seen a medicine cabinet "full of medicines," video tapes and a box of "pornographic magazines" in defendant's bedroom; and that another juvenile had also said that defendant had shown her "pornographic movies" that he took from his bedroom.

Even if we assumed that the warrant and/or affidavit showed probable cause that the cited statutes had been violated and demonstrated a sufficient nexus between the items to be seized and the alleged crimes, the wording of both documents falls far short of the particularity required to meet constitutional standards and is unconstitutionally overbroad. A description in a warrant must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized. <u>United States v. Spilotro</u>, 800 F.2d at 963. The warrant does not even purport to limit the discretion of the executing officers except by reference to the statutes cited. Although a warrant's reference to a particular statute may in certain circumstances limit the scope sufficiently to satisfy the particularity requirements of the Fourth Amendment, <u>U.S. v. Maxwell</u>, 920 F.2d at 1033, we hold that it does not do so here, since warrants reciting generic categories and criminal statutes, without more,

14

do not usually give the executing officers guidance to determine what items to seize.[1] United States v. Spilotro, 800 F.2d at 965; United States v. Storage Spaces Designated Nos. 8 & 49, 777 F.2d 1363, 1369 (9th Cir. 1985) (citing United States v. Cardwell, 680 F.2d 75 (9th Cir. 1982) (limiting search to records that are evidence of violation of certain statute generally not enough)).

Nor does the affidavit provide more guidance, since it does not specify the items to be seized. In determining whether a description is sufficiently precise, courts have focused on: (1) whether probable cause exists to seize all items of a particular type described in a warrant; (2) whether the warrant sets out objective standards by which executing officers can distinguish items subject to seizure from those which are not; and (3) whether the government could have described the items more particularly in light of the information available to it at the time the warrant was issued. U.S. v. Stubbs, 873 F.2d at 211 (quoting Spilotro). If the government was (as it now argues) seeking certain items as evidence of the "means" of committing the crimes of sodomy and promotion of pornography, the alleged victims should have been able to provide the detail to enable the government to describe the items sought with the particularity required by the Fourth Amendment. As it stands, the only limitation in the warrant and affidavit on the broad categories of items to be seized is that they somehow be connected to the listed statutes and activities. Even if we construed the warrant and affidavit together to limit the seizure to "pornographic" materials used as a means of committing the alleged criminal acts, the warrant would be invalid. See 8B J. Moore, Moore's Federal Practice ¶ 41.05 at 41-55 (2d ed. 1985) (warrant authorizing search and seizure of 'all obscene materials' located in particular place would impart impermissible discretion to executing officer, lack particularity, lack probable cause as to obscene nature of material subject to seizure, and infringe First Amendment rights).

The lack of particularity is especially troublesome in light of the fact that the items to be seized (books, magazines, booklets, pictures, and photographs) are presumptively protected by the First Amendment, since in such cases the particularity requirement of the Fourth Amendment must be applied with "scrupulous exactitude." United States v. Hale, 784 F.2d 1465, 1468 (9th Cir. 1986) (quoting Maryland v. Macon, 472 U.S. 463, 468 (1985)). The items were purportedly seized (at least regarding

---

[1]  Indeed, among the items seized was an airline ticket which the government has since returned to the defendant.

15

the sodomy charge) not for the ideas they contained, but for their use as a "means" of committing a criminal act. However, the "scrupulous exactitude" standard has been applied to similar items seized pursuant to a more detailed warrant seeking items evidencing the receipt by mail of child pornography. United States v. Hale, 784 F.2d 1465, 1469 (9th Cir. 1986) (seized magazine suppressed because first part of warrant did not specifically describe it and second part too general to support seizure of material arguably, at time of seizure, protected by First Amendment). The same standard has also been applied to a seizure of documents that were not sought for the ideas they contained, but for the associations they demonstrated, since freedom of association was a right protected by the First Amendment. United States v. Apker, 705 F.2d 293, 300-01 (8th Cir. 1983). When we consider that the defendant has a constitutional right to possess obscenity for personal use in his home, see Stanley v. Georgia, 394 U.S. 557 (1969), and that the only limitation on the items to be seized was that they be "pornographic" and somehow connected to sodomy or promotion of pornography, we find his First Amendment rights implicated. Thus, the standard of particularity to be applied should be "scrupulous exactitude." The warrant and affidavit fail to meet this standard. The motion is granted. Accordingly, the evidence seized must be returned to defendant and its use against him prohibited.

It is so ordered.