**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Floyd David SLUSHER, Defendant–
Appellant.**

**No. 90CA1106.**

Colorado Court of Appeals,
Div. IV.

July 2, 1992.

Rehearing Denied Aug. 13, 1992.

Certiorari Denied Feb. 1, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Timothy R. Twining, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Laurel E. Adams, April B. Stone, Sp. Deputy State Public Defenders, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, Floyd David Slusher, appeals from the judgment of conviction entered on a jury verdict finding him guilty of three counts of sexual exploitation of a child and one count of being an habitual offender. He also challenges the constitutionality of the sentence imposed. We affirm.

In February 1989, the Lakewood Police Department began investigating reports from an informant that defendant had taken nude photos of and had sexually assaulted a young boy, J.S.

Because defendant was on parole, the investigating officer spoke several times during her investigation with defendant's parole officer and exchanged information with that department. She also spoke with J.S., his mother, J.S.'s social worker, and

with a Boulder detective regarding a 1977 investigation and conviction of defendant for sexual assault on a child.

Although the officer was able to corroborate many aspects of the informant's report, she did not believe she had probable cause to obtain a search warrant for defendant's residence. However, based upon information relayed to them by the officer, the parole department decided to conduct a search for evidence of parole violation.

Subsequently, three parole officers went to defendant's home and in his presence searched his house. The investigating officer and another Lakewood police officer accompanied the parole officers but remained outside. Among the items discovered by the parole officers were four boxes of slides, which they turned over to the investigating officer. She looked at three random slides, recognized the child in the photos as J.S., and left to obtain a search warrant.

The officer returned to defendant's residence with a warrant which she presented to defendant. Then, she and another Lakewood officer searched the house and seized photographs, videos, photography equipment, and personal papers and effects.

As pertinent here, defendant was charged with sexual exploitation of a child in violation of § 18–6–403, C.R.S. (1991 Cum.Supp.). The three counts alleged that defendant (1) caused or induced J.S. to engage in explicit sexual conduct for the making of sexually exploitative material; (2) prepared or produced sexually exploitative material; and (3) possessed sexually exploitative material.

Prior to trial, defendant moved for suppression of, *inter alia,* all evidence seized during the searches on the grounds that both searches were illegal. The court, after a full hearing, denied the motion, and the convictions here at issue followed.

## I.

### A.

Defendant contends that the search of his home by the parole officers was illegal because they had no reasonable cause to support the search. Thus, defendant argues that any evidence seized as a result of that search and any fruits thereof must be suppressed. We disagree.

■ The Fourth Amendment and Colo. Const. art. II, § 7, protects persons against unreasonable searches and seizures. However, when a parolee is the subject of the investigation, this requirement is satisfied if the parole officer who is investigating a parole violation has reasonable grounds to believe that a parole violation has occurred. Under such circumstances, the need for a search warrant is eliminated. *People v. Anderson,* 189 Colo. 34, 536 P.2d 302 (1975).

■ Here, the trial court found that the parole officers knew the following facts: that defendant was on parole; that the underlying earlier offense was sexual assault on a child; that an informant had alleged that defendant, while on parole, had taken nude photographs and sexually assaulted a child named J.S.; that J.S. was a real person; that defendant knew the informant; and that many of the facts relayed to the investigating officer by the informant had been corroborated by the officer.

Based upon these facts, the trial court did not err in determining that the defendant's parole officer had reasonable grounds to believe defendant might be sexually exploiting J.S. in violation of § 18–6–403 and, thus, that defendant had violated parole and that a parole search was appropriate.

### B.

Defendant next contends that the slides which the parole officers discovered during their search and which were handed over to the investigating officer were then illegally "seized" by the investigating officer because she was without a search warrant at the time. We do not agree.

■ The fact that a person is on parole does not justify a search without a warrant by any law enforcement officer other than a parole officer. However, evidence seized

within the scope of a reasonable search by a parole officer, even if unrelated to the parole violation, is admissible in the prosecution of another crime. *People v. Anderson, supra.*

▮ Here, the investigating officer and another Lakewood police officer waited outside while the parole officers conducted a search of defendant's house and did not take part in the parole search. Thus, the slides which the parole officers discovered during their search and which they subsequently turned over to other police officers were admissible in a prosecution against defendant. *See People v. Anderson, supra* (evidence seized by parole officer was delivered to a police detective and used in a separate prosecution).

### C.

▮ We also disagree with defendant's assertion that the evidence should have been suppressed because the parole officers were acting as agents of the Lakewood Police Department.

Here, the trial court found, with record support, that although the decision to conduct a parole search was based upon information relayed to the parole department by the police, the decision to search was made by the parole department, not by the police. And, although the police accompanied the parole officers at the latter's request, the police did not participate in the parole search. Moreover, based upon evidence gathered during their search, the parole officers arrested defendant for parole violation. *See People v. Anderson, supra* (a parole officer may cause a police officer to accompany him when a parole search is being made); *State v. Johnson,* 748 P.2d 1069 (Utah 1987) (a parole search is not unlawful just because it is also beneficial to the police).

Based on these facts of record, the trial court concluded that the search was "a valid search for parole purposes and not as a police subterfuge." We will not disturb that conclusion on appeal. *See People v. Fish,* 660 P.2d 505 (Colo.1983).

### II.

Defendant further contends that the trial court erred in denying his motion to suppress evidence obtained pursuant to a search warrant obtained by the police after the parole search. Again, we disagree.

### A.

We first reject defendant's contention that the affidavit failed to establish probable cause to believe that the property to be seized was located at defendant's house.

▮ Probable cause exists when an affidavit for a search warrant alleges sufficient facts to lead a person of reasonable caution to believe that contraband or evidence of criminal activity is located at the place to be searched. *People v. Quintana,* 785 P.2d 934 (Colo.1990). The reviewing court's duty upon review is to determine whether the district court had a substantial basis for concluding that probable cause to support the search warrant existed. Deference must be given to the issuing court's determination of probable cause. *People v. Wilson,* 819 P.2d 510 (Colo.App.1991).

▮ Here, the affidavit included information, *inter alia,* concerning the slides discovered earlier that day at defendant's home by the parole officers, one of which depicted J.S. nude and lying on a bed. Because we have concluded that these slides were properly seized and turned over to the investigating officer, and because the slides established that evidence of a crime was found at the home just prior to application for the warrant, we find no error in the trial court's determination of probable cause.

### B.

Defendant next contends that the trial court erred by not suppressing evidence, in addition to the four boxes of slides, later seized by the Lakewood police because the description of the particular property to be seized was omitted from the face of the search warrant. Because we conclude that the attached affidavit cured the particularity defect of the search warrant, we disagree.

■ The Fourth Amendment prohibits general exploratory searches, *Hernandez v. People*, 153 Colo. 316, 385 P.2d 996 (1963), and requires that a search warrant must describe with particularity the objects to be seized. *People v. Hearty*, 644 P.2d 302 (Colo.1982).

■ Here, it is uncontroverted that the description of the particular property to be seized was omitted from the search warrant. Because of this omission, the warrant stated only that the property to be seized was property "[w]hich is or has been used as a means of committing a criminal offense; or [t]he possession of which is illegal; or [w]hich would be material evidence in a subsequent criminal prosecution." Hence, the warrant is invalid on its face because it does not particularly describe the items to be seized. *See People v. Donahue*, 750 P.2d 921 (Colo.1988); *People v. Drumright*, 172 Colo. 577, 475 P.2d 329 (1970).

The People argue, however, that because the supporting affidavit specifically described the property to be seized and was attached to the search warrant at the time the warrant was executed, the constitutional mandate of sufficiency of description is satisfied. On the other hand, defendant argues that because the affidavit was not incorporated by reference into the warrant, it did not cure the defect. Under the circumstances presented here, we agree with the People.

The underlying purpose to be accomplished by the particularity requirement is to inform the executing officers of the limitations on the search and to inform the person subjected to the search what items the officers executing the warrant can seize. *Rickert v. Sweeney*, 813 F.2d 907 (8th Cir.1987). Thus, "a warrant's overbreadth can be cured by [an] affidavit that more particularly describes the items to be seized." *United States v. Luk*, 859 F.2d 667 (9th Cir.1988).

■ To this end, courts, in deciding whether an affidavit may provide the necessary particularity for a warrant, have generally considered, in varying degrees, two criteria: (1) whether the affidavit accompanies the warrant and (2) whether it is incorporated by reference into the warrant. *See United States v. Washington*, 852 F.2d 803 (4th Cir.1988) (affidavit may provide the necessary particularity if it is either incorporated *or* attached); *Rickert v. Sweeney, supra* (sufficient particularity may be provided if the affidavit is merely present at the search); *United States v. Wuagneux*, 683 F.2d 1343 (11th Cir.1982) (criteria of attachment and incorporation are to be flexibly applied so as to satisfy the purpose of informing the officers and the person subject to the search); *United States v. Luk, supra* (affidavit must accompany and be incorporated).

Thus, this court, in *People v. Papez*, 652 P.2d 619 (Colo.App.1982), held that an affidavit which described with particularly the property to be seized and which was specifically referred to in a warrant cured the warrant's particularity defect. It is significant that there was no indication in that case that the affidavit was in the possession of the officers at the time of the search.

Moreover, the holdings in *People v. Donahue, supra*, and *People v. Drumright, supra*, do not preclude the possibility that an affidavit which describes with particularity the property to be seized may remedy a more general description in the warrant. In both cases, although the supreme court ultimately concluded that the warrant was facially invalid, it specifically noted the fact that the document or affidavit which allegedly met the particularity requirement did not accompany the warrant.

■ Here, we conclude that the accompanying affidavit served the purpose to limit the discretion of the officers and to inform defendant of the scope of the search. In this case, the four-page affidavit was not merely in the possession of the officers at the time of the search, but also was attached to the warrant so that they appeared as one document. The affidavit was not lengthy, and the particular description of the items to be seized was set apart in a separate paragraph on the last page of the affidavit. Copies of the joined docu-

ments were served on defendant at his residence prior to the search. Thus, the information was readily available to defendant so that he could ascertain what property the officers were entitled to take.

Further, the absence of any contention that the officers seized any items other than those listed in the affidavit indicates that the officers relied on the particular description in the affidavit in conducting the search.

Thus, under these circumstances, the trial court did not err in relying on the affidavit to cure the generality of the warrant.

### C.

Defendant argues that, even if the affidavit is relied on to provide the description of the property to be seized, the search warrant is invalid nonetheless because the description is insufficiently particular. Moreover, he asserts that since photographs, like books, are expressive materials and the seizure of such items involves both Fourth and First Amendment considerations, the adequacy of the search warrant must be measured by an extremely stringent test of specificity.

Defendant correctly points out that the particularity requirement may be more stringent if the items to be seized have the presumptive protection of the First Amendment. *United States v. Torch,* 609 F.2d 1088 (4th Cir.1979). However, assuming that photographs are entitled to the same protection as books, we disagree that such standard is required here.

 The requirement that warrants must describe such presumptively protected materials with "scrupulous exactitude" applies *only* if "the basis for their seizure is the ideas which they contain." *Stanford v. Texas,* 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965).

 Here, the items listed in the affidavit were not being seized for their ideas. Rather, as a result of the criminal investigation, they were being seized as *evidence* that defendant had sexually assaulted at least two juvenile males and that he was operating a child pornography ring involv-

ing photographs and videos of young boys. Thus, in this circumstance, protected speech attributes of the First Amendment were not implicated, and the court was not required to apply the more stringent particularity requirement set forth in the *Stanford v. Texas, supra. See United States v. Jacobs,* 513 F.2d 564, n. 3 (9th Cir.1975) (documents pertaining to shipment of obscene materials were "evidentiary materials, and their seizure did not threaten to deprive the public of access to protected material"). *See also People v. Batchelor,* 800 P.2d 599 (Colo.1990) (child pornography is not protected speech).

 Therefore, the appropriate test for the necessary particularity here is simply one of pragmatism and common sense. *United States v. Truglio,* 731 F.2d 1123 (4th Cir.1984). The description of the property to be seized should be such that "the officer charged with the duty of executing the warrant will be advised with a reasonable degree of certainty of the property to be seized." *People v. Noble,* 635 P.2d 203 (Colo.1981). The degree of specificity required when describing the goods to be seized will vary with the level of information available to the police and the type of items involved. *People v. Hearty, supra; see People v. Lamirato,* 180 Colo. 250, 504 P.2d 661 (1972).

 If we apply that test to the circumstances before us, the record shows that the officers knew the allegations against defendant involved sexual assault of young boys and child pornography. The description of the property to be seized included "photographs of nude young males and any other sexually explicit photographs or materials." We conclude that this description was sufficiently particular to limit the discretion of the officers who conducted the search.

### III.

Defendant also contends that the trial court erred in refusing to admit a document which defendant claimed was an unsigned copy of a lease agreement. Defendant asserts that this document supported

his theory of defense that the photographs actually were taken by a person who leased an office out of defendant's home. However, the trial court concluded that there was insufficient proof that the document was created by defendant and, thus, ruled that the document was inadmissible on the grounds that it was inadequately authenticated. We perceive no error.

The requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. CRE 901(a). The question of whether a proper foundation has been established is a matter within the sound discretion of the trial court, and its decision will not be disturbed absent clear abuse of discretion. *Pyles–Knutzen v. Board of County Commissioners*, 781 P.2d 164 (Colo.App.1989).

Here, the evidence was offered by a co-worker who, like defendant, was a computer programmer. He testified: that he did not see defendant create the document but that at the direction of defendant and his counsel, he retrieved this document from a computer at one of defendant's places of employment; that he was able to access defendant's personal files only by using a password provided to him by defendant; that the computer showed, by means of an internal clock, that the document was generated 18 months before defendant was arrested; that a person sufficiently sophisticated about a computer's operation could tamper with the internal clock.

The court concluded from the testimony that there was insufficient evidence to show that the document was a "true record and not a doctored record." The court determined that this witness, who merely "took something off [the] computer" could not provide the necessary foundation.

We conclude that the trial court did not abuse its discretion, and we will not disturb its determination on appeal. *See Pyles–Knutzen v. Board of County Commissioners, supra.*

## IV.

Finally, defendant contends that the sentence he received violated his right to equal protection of the law. Specifically, he argues that he unconstitutionally received a longer sentence for sexual exploitation of a child than he would have received had he sexually assaulted the child.

First, we disagree with defendant's assertion that he "received a more serious conviction and sentence for the mere photographing of a sexually stimulated child than if he had actually forcefully raped that child." Contrary to his assertion, sexual assault on a child committed by use of force is, like sexual exploitation of a child, a class three felony. *See* § 18–3–405, C.R.S. (1986 Repl.Vol. 8B); § 18–6–403.

Secondly, insofar as defendant argues that there is no rational basis for imposing a greater penalty for class three felony exploitation of a child than for class four felony sexual assault on a child, we also disagree.

In addressing this issue, we conclude that defendant's claim concerns the improper application of certain pertinent statutes, rather than the facial invalidity of those statutes. We have no jurisdiction to decide the latter issue. *See* § 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A).

The right to equal protection of the law guaranteed under the Fourteenth Amendment and Colo. Const. art. II, § 25, assures like treatment and similar punishment of persons convicted of the same acts committed under similar circumstances. *People v. Bramlett*, 194 Colo. 205, 573 P.2d 94 (1977).

When two criminal statutes prescribe different penalties for identical conduct, a defendant convicted and sentenced under the harsher statute is denied equal protection of the law. *People v. Mozee*, 723 P.2d 117 (Colo.1986). However, if different statutes proscribe dissimilar forms of conduct, and if there is a rational basis for disparate sanctions, such statutes do not offend equal protection guarantees. *People v. Brewer*, 720 P.2d 596 (Colo.App. 1985). Moreover, the General Assembly

may establish more severe penalties for acts that it believes have graver consequences or which it may have rationally perceived to have different degrees of social reprehensibility. *People v. Mozee, supra.*

Here, the statutes in question proscribe dissimilar forms of conduct and defendant does not argue otherwise. *See* § 18–3–405 and § 18–6–403. Also, the General Assembly's intent with respect to sexual exploitation of children is clear:

> That the sexual exploitation of children constitutes a wrongful invasion of the child's right of privacy and results in social, developmental, and emotional injury to the child; that a child below the age of eighteen years is incapable of giving informed consent to the use of his or her body for a sexual purpose; and that to protect children from sexual exploitation it is necessary to prohibit the production of material which involves or is derived from such exploitation and to exclude all such material from the channels of trade and commerce.

Section 18–6–403(1), C.R.S. (1986 Repl.Vol. 8B).

Based upon this expression as to the social consequences of the offense, we conclude that the difference in penalty was based on a rational basis and does not offend defendant's equal protection guarantee.

In view of our disposition, we need not address defendant's other contentions.

The judgment of conviction and the sentence imposed are affirmed.

CRISWELL and JONES, JJ., concur.