70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph JOHNSON; Charlene Johnson, Plaintiffs-Appellants,
v.
Bruce McDERMOTT; Jim Nelson; City of Visalia; Melinda
Reed; Phillip S. Cline; County of Tulare,
Defendants-Appellees.
 No. 94-16055.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Nov. 30, 1995.
 
 Before: NORRIS, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs have failed to state a constitutional deprivation and, therefore, the district court's dismissal of their Sec. 1983 action is affirmed.
 
 
 3
 * Sec. 1983 Action
 
 A. Applicability of Fed.R.Crim.P. 41
 
 4
 The search in this case was conducted by state officers, with a warrant issued by a state judge, with no federal involvement. Therefore, Fed.Rule.Crim.P. 41 did not apply. Instead, the officers' search was governed by state law and rules, provided that the state rules did not violate federal constitutional principles.
 
 
 5
 B. Right to Be Provided with Copy of Affidavit at Time of Search
 
 
 6
 Plaintiffs argue that Defendants deprived Plaintiffs of a constitutional right when they followed the California Penal Code, which did not require the officers to provide Plaintiffs with a copy of the affidavit in support of the search warrant at the time they conducted the search. Plaintiffs correctly assert that the Fourth Amendment has certain notice requirements. Plaintiffs incorrectly assert that to meet this notice requirement, officers must serve a copy of the affidavit on the person or entity searched.
 
 
 7
 In support of their proposition that officers must present the affidavit at the time of a search, Plaintiffs cite Rickert v. Sweeney, 813 F.2d 907 (8th Cir.1987) and United States v. Property Belonging to Talk of the Town Bookstore, Inc., 644 F.2d 1317 (9th Cir.1981). Plaintiffs rely on excerpts from these cases and ignore their context. These cases hold that when a warrant fails to meet the particularity requirement under the Fourth Amendment, an affidavit may provide the necessary particularity if the affidavit is incorporated into the warrant or attached to it. Rickert, 813 F.2d at 909; Talk of the Town, 644 F.2d at 1319. They do not stand for the proposition that the Constitution requires the officers to provide an affidavit at the time of a search when the warrant itself is sufficiently particular.
 
 
 8
 Here, Plaintiffs have not contested the validity of the search warrant or the search itself. Accordingly, Rickert and Talk of the Town simply do not apply to this case. No authority supports Plaintiffs' proposition that Defendants acted unconstitutionally when they failed to provide Plaintiffs with the affidavit at the time of the search.
 
 C. Right to Be Sent a Copy of the Affidavit
 
 9
 The district attorney's office, which had not brought charges against Plaintiffs, did not have an obligation to provide Plaintiffs' attorney with a copy of the affidavit. Plaintiffs' attorney had access to the affidavit as a public record. Plaintiffs' failure to obtain the affidavit was not the responsibility of Defendants, but rather the fault of their own attorney.
 
 II
 
 10
 Adequacy of Affidavits in Support of Summary Judgment
 
 
 11
 Plaintiffs argue that Defendant Reed's and Defendant Cline's affidavits in support of their motion for summary judgment failed to comply with Rule 56(e)'s requirement of personal knowledge. This claim lacks merit. Defendants' affidavits indicate the sum of their personal knowledge about Plaintiffs' case. The affidavits' brevity can be attributed to the fact that the district attorney's office had not brought charges against Plaintiffs. Reed's and Cline's only knowledge of Plaintiffs related to the correspondence they had with Plaintiffs' attorney regarding his requests for the affidavit. Defendants' affidavits reveal those facts and meet the requirements of Rule 56(e).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3