**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ESTATE OF KEVIN BROWN, by its successor in interest Rebecca Brown; REBECCA BROWN, successor in interest to the Estate of Kevin Brown, | No. 17-55930 |
| | D.C. No. 3:15-cv-01583-DMS-WVG |
| Plaintiffs-Appellees, | |
| v. | MEMORANDUM[*] |
| MICHAEL LAMBERT, an individual; MAURA J. MEKENAS-PARGA, an individual, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted November 8, 2018
Pasadena, California

Before: RAWLINSON, MELLOY,[**] and HURWITZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

In this 42 U.S.C. § 1983 action, the successors of Kevin Brown, a deceased crime laboratory analyst, contend that two police officers illegally obtained and executed a warrant to search Brown's home in connection with a murder investigation. As relevant to this appeal, the operative complaint claims that Officer Michael Lambert obtained the search warrant through a deceptive affidavit, that Lambert and Officer Maura Mekenas-Parga knowingly executed an overbroad warrant, and that Officers Lambert and Mekenas-Parga seized items beyond the scope of the warrant. The district court denied the officers' summary judgment motion seeking qualified immunity, and this interlocutory appeal followed. We affirm in part and reverse in part.[1]

1. The district court properly found that Officer Lambert is not entitled to qualified immunity on the deception claim. The affidavit he submitted in support of the application for the warrant accurately represented that Brown's DNA was found during the crime laboratory's review of the murder victim's vaginal swab. But, it inaccurately stated that contamination was "not possible;" in fact, Lambert had been expressly warned by crime laboratory employees that contamination was likely because analysts at the time of the murder often used their own semen as a control

---

[1]    The plaintiffs also asserted a wrongful death claim against Officer Lambert. The district court granted qualified immunity to Officer Lambert on a claim alleging wrongful retention of seized property.

when testing forensic evidence.

The district court found a genuine issue of disputed fact existed whether Officer Lambert deliberately or recklessly omitted this information from the affidavit submitted in support of the issuance of the warrant. Lambert claims that there is no such dispute, but we cannot review the district court's finding in this interlocutory appeal. *See Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009) ("A district court's determination that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal."). Rather, "for purposes of determining whether the alleged conduct violates clearly established law of which a reasonable person would have known, we assume the version of the material facts asserted by the non-moving party to be correct." *Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir. 2000).

2. The issue properly before us on the deceptive affidavit claim is whether "the affidavit, once corrected and supplemented, would provide a magistrate with a substantial basis for concluding that probable cause existed." *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985). A corrected affidavit would have informed the magistrate that the DNA evidence cited was unreliable and most likely present because of the testing regimen. Because probable cause to search Brown's home "depended *entirely* on the strength of [that] evidence," a corrected affidavit

3

would not support a finding of probable cause. *Liston v. Cty. of Riverside*, 120 F.3d 965, 973–74 (9th Cir. 1997).

3. The district court also correctly determined that Officer Lambert is not entitled to qualified immunity on the claim for executing an overbroad warrant. The warrant was overbroad to the extent it authorized the seizure of "[a]ddress books, diaries/journals, handwritten in nature" from Brown's home. *See United States v. Spilotro*, 800 F.2d 959, 963–64 (9th Cir. 1986). And, because Officer Lambert "prepared the invalid warrant, he may not argue that he reasonably relied on the Magistrate's assurance that [it] contained an adequate description of the things to be seized." *Groh v. Ramirez*, 540 U.S. 551, 564 (2004).

4. Officer Mekenas-Parga, however, is entitled to qualified immunity on the overbroad warrant claim. Because she did not assist in obtaining the warrant, she was entitled to rely on it unless it was "so facially overbroad as to preclude reasonable reliance." *United States v. Luk*, 859 F.2d 667, 678 (9th Cir. 1988). The warrant's overbreadth was not facially obvious. *Cf. United States v. Stubbs*, 873 F.2d 210, 212 (9th Cir. 1989) (finding a warrant "contain[ing] no reference to any criminal activity" and "describ[ing] broad classes of documents" plainly defective on its face).

5. As to the overbroad seizure claim, the district court correctly found neither officer entitled to qualified immunity. The seizure of recipes, family photo albums,

4

and a note from Ronald and Nancy Reagan, among other items, plainly exceed the warrant's scope. *United States v. Tamura*, 694 F.2d 591, 595 (9th Cir. 1982) (explaining that the "wholesale seizure for later detailed examination of records not described in a warrant" violates the Fourth Amendment).[2]

**AFFIRMED IN PART AND REVERSED IN PART.**

---

[2] Because the wrongful death claim against Officer Lambert arises from the same constitutional violations as the other claims against him, the district court properly denied summary judgment on that claim.