**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald Eugene WASHINGTON,**
**Defendant–Appellant.**

No. 87–5195.

United States Court of Appeals,
Fourth Circuit.

Argued May 6, 1988.

Decided Aug. 5, 1988.

Mark L. Gitomer (James J. Gitomer, Cardin & Gitomer, P.A. on brief), for defendant-appellant.

John V. Geise, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Stephen L. Purcell, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

On April 1, 1987, a grand jury for the District of Maryland returned a superseding indictment charging Ronald Eugene Washington with conspiracy to distribute and possess and possession with intent to distribute in excess of 100 grams of heroin, conspiring to import and importation of in

limited discourse, not indiscriminate use, so we    do not apply the public forum doctrine.

excess of 100 grams of heroin, use of a firearm in relationship to a narcotics offense and possession of in excess of five grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 963, 952(a) and 18 U.S.C. § 2.[1] On October 23, 1987, the jury returned verdicts of guilty on all but the firearm and cocaine charges. We affirm.

On March 16, 1987, a package from Lagos, Nigeria, addressed to Ms. Ajoke Olushola, 3016 Sunset Lane, Suitland, Maryland, was intercepted and opened by customs officials at Kennedy International Airport. The package, containing 154 grams of heroin, was transported by Special Agent John Lee to Washington, D.C., where the bulk of the heroin was removed, and preparations were made for a controlled delivery.[2]

On March 23, 1987, United States Magistrate James J. Lombardi issued a search warrant for 3016 Sunset Lane based on the affidavit of Detective Dwight Rawls, a Washington, D.C. policeman. The controlled delivery occurred on the same day. A subsequent search by agents revealed narcotics paraphernalia, evidence of the identity of the residents of the home, a firearm, and documents connecting the members to the conspiracy. At the time of the search, although the warrant had been signed and issued, neither the affidavit nor the warrant was in the actual possession of the executing agents. Instead, the information had been relayed telephonically to Agent Lee by Detective Rawls prior to the agents' entry onto the premises.

On appeal, Washington contends that the district court erred in failing to suppress the evidence obtained from appellant's premises because the affidavit supplied to the magistrate failed to support a finding of probable cause; the warrant failed to specify with particularity the items to be seized; and, at the time of the execution of the search, the agents lacked guidance since they had neither the warrant nor the affidavit in their possession. We disagree with all three contentions and address them seriatim.

■ Appellant's argument that there was no probable cause to issue the warrant because, at the time the warrant was signed, there was no evidence that the heroin was on the premises or that the controlled delivery would actually succeed, is unpersuasive. "When evidence ... is on a sure course to its destination, as in the mail, the prior issuance of a warrant is permissible." *United States v. Hale*, 784 F.2d 1465, 1468 (9th Cir.1986) (citing *United States v. Goff*, 681 F.2d 1238, 1240 (9th Cir.1982)).[3] Appellant's argument that *Hale* is distinguishable from this case because the package in this instance was addressed to someone other than Washington lacks merit. It is common knowledge that fictitious names are frequently used in illicit drug trafficking.

1. Washington was initially indicted, along with Dorothy Granderson and Tijuana Reese, on identical charges. The indictment against one codefendant was dismissed; the other codefendant remained a fugitive. Thus, Washington was the sole defendant awaiting trial. Washington subsequently withdrew a guilty plea entered pursuant to a plea agreement, necessitating the superseding indictment.

2. An investigation revealed that the residence at 3016 Sunset Lane was occupied by Washington, Granderson and Reese. The agents anticipated that after the delivery by postal officials occurred, they would enter the premises pursuant to a search warrant, conduct a search, seize any contraband or evidence of narcotic trafficking, and, if appropriate, make arrests.

3. Appellant's reliance on *United States v. Hendricks*, 743 F.2d 653 (9th Cir.1984), is misplaced. In *Hendricks*, customs officials intercepted and turned over to DEA agents a box containing a suitcase with five to seven pounds of cocaine inside. The box was addressed to Hendricks and included his address, but was shipped in such a way that Hendricks was required to pick it up personally. Knowing that the box was at the airport in the possession of DEA agents, the magistrate issued a warrant for the search of Hendricks' premises. The warrant stated, *inter alia*, "this search warrant is to be executed only upon the condition that the above described box is brought to the aforesaid premises." In finding that the warrant was issued without probable cause, the court stressed that at the time the warrant was signed, the magistrate knew the box was at the airport and that there was no certainty that it would ever be brought to the house. In this case, however, the heroin was in the mail addressed to 3016 Sunset Lane.

We cannot accept appellant's further argument that the warrant failed to sufficiently particularize the items to be seized. The warrant authorized the seizure of:

> heroin, a quantity of drug paraphernalia, papers, notes, bank records, identification documents *and other items of evidence*

(emphasis added). The affidavit in support of and attached to the search warrant stated:

> Based on the probable cause developed in this investigation, it is the belief of your affiant that there is currently secreted inside of the premises of 3016 Sunset Lane, Suitland, Maryland, a quantity of drug paraphernalia, papers, notes, bank records, identification documents *and other items of evidence that will identify the person using the name Ms. Ajoke Olushola and others involved in this conspiracy to import and distribute heroin.*

(emphasis added). "An affidavit may provide the necessary particularity for a warrant if it is either incorporated into or attached to the warrant." *Rickert v. Sweeney*, 813 F.2d 907, 909 (8th Cir.1987) (citing *United States v. Wuagneux*, 683 F.2d 1343, 1351 n. 6 (11th Cir.1982); *United States v. Roche*, 614 F.2d 6, 8 (1st Cir. 1980)). It was established by the district court that the affidavit was attached to the warrant at the time of its execution. We conclude, therefore, that the affidavit and warrant, when read together, adequately specified the items to be seized.

Appellant also asserts that a general search occurred because the executing agents did not have physical possession of the warrant. This issue was not argued below, however, and may not now be raised for the first time on appeal. *See United States v. Seidlitz*, 589 F.2d 152 (4th Cir. 1978), *cert. denied*, 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 396 (1979).

Finding no error, appellant's convictions are affirmed.

AFFIRMED.