905 F.2d 1532
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marshall Allen SLATER, Defendant-Appellant.
 No. 88-5544.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1990.
Decided May 3, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR No. 87-168)
 Mary Lou Newberger, Assistant Federal Public Defender, Charleston, W.V., for appellant.
 Michael W. Carey, United States Attorney, John P. Rowley, III, Assistant United States Attorney, Charleston, W.V., for appellees.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marshall Slater was convicted of one count of conspiracy to distribute marijuana or cocaine, 10 counts of distribution of marijuana or cocaine, seven travel act violations, and one count of cultivating marijuana. On appeal, Slater's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in her opinion the appeal was without merit. However, she noted three issues for the Court's consideration.
 
 
 2
 The first issue on appeal is whether the district court erred in admitting evidence obtained as a result of an aerial search over Slater's property. There was testimony to support the district court's finding that the search was conducted at 1000 to 1500 feet over Slater's property. Therefore, the district court did not err in refusing to suppress the marijuana plants found as a result of the aerial search. California v. Ciraolo, 476 U.S. 207 (1986).
 
 
 3
 The next issue raised by Slater on appeal is whether the district court erred in refusing to suppress evidence found during a search of Slater's property conducted pursuant to a search warrant obtained by the Ohio Department of Liquor Control for the purpose of finding evidence of illegal liquor sales. The Ohio Department of Liquor Control officer who conducted the search enlisted the aid of West Virginia state police officers, as well as federal agents, in executing the warrant. Slater claimed that the West Virginia and federal officials were acting out of their jurisdiction when they assisted in the search. However, the West Virginia and federal officials participated at the request of and under the direction of the Ohio Department of Liquor Control officer after his request for assistance from the local sheriff's department had been refused; therefore, the search was proper. 18 U.S.C. Sec. 3105; United States v. Medlin, 842 F.2d 1194, 1196 (10th Cir.1988).
 
 
 4
 The third issue on appeal is whether Slater was denied a fair trial because members of the jury saw him in shackles in the corridor and elevator of the courthouse. There is no evidence of such a viewing in the record, and Slater's attorney did not object to it at trial. Because there was no objection at trial, Slater cannot raise this issue for the first time on appeal. United States v. Washington, 852 F.2d 803 (4th Cir.), cert. denied, 57 U.S.L.W. 3376 (U.S. Nov. 28, 1988) (No. 88-5775); United States v. Seidlitz, 589 F.2d 152, 160 (4th Cir.1978), cert. denied, 441 U.S. 922 (1979). Therefore, this claim is without merit.
 
 
 5
 In accordance with Anders, we have independently reviewed the record and all pertinent papers. We have found no nonfrivolous grounds for appeal and accordingly affirm the judgment below.
 
 
 6
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by this Court in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing her client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by her client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of her client. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 8
 AFFIRMED.