983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph LEE, Defendant-Appellant.
 No. 92-3249.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1993.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The defendant, Ralph Lee, entered a conditional guilty plea to a two-count indictment charging him with being a felon in possession of a firearm[1] and with possession of marijuana with the intent to distribute.[2] On appeal, as he did at the suppression hearing that preceded his guilty plea, Lee argues that the search warrant, which resulted in incriminating evidence against him being seized, did not comport with the requirements of the Fourth Amendment.
 
 
 2
 Upon review, we find the defendant's argument unpersuasive and affirm.
 
 I.
 
 3
 Lee first argues that the issuing magistrate, a state court judge, was not presented with sufficient probable cause to justify the issuance of a search warrant. The events that led to seeking a search warrant and which were recited in the affidavit to the search warrant indicated the following scenario.
 
 
 4
 Cleveland police had been receiving complaints from citizens that drugs were being sold from defendant's residence. On the basis of those complaints, surveillance of the residence was instituted. The police officers observed persons entering and leaving the premises after only a short stay of five minutes or less. To officers conducting the surveillance who were experienced in narcotics investigations, this had all the earmarks of drug trafficking.
 
 
 5
 In order to further test whether drug trafficking was being carried on from defendant's residence, the police sent in a reliable confidential informant to make a drug purchase. A controlled purchase of a rock of crack cocaine was completed within 72 hours of seeking this search warrant.
 
 
 6
 Upon the basis of these facts, we find adequate justification for a judicial officer to conclude that there is a "fair probability" that evidence of a crime will be found on the premises that are the object of the proposed search. United States v. Bowling, 900 F.2d 926, 930 (6th Cir.), cert. denied, 111 S.Ct. 109 (1990).
 
 
 7
 Although the initial complaints of drug activity were anonymous, the police corroborated the information by police surveillance and a controlled purchase by a confidential informant who had proved reliable in the recent past. It is hard to conceive of what more the police might have done. So long as the totality of circumstances evidences a "probability or substantial chance of criminal activity" probable cause exists. United States v. Davidson, 936 F.2d 856, 859 (6th Cir.1991) (citation omitted).
 
 II.
 
 8
 Lee also argues that the search warrant was overbroad. The warrant authorized a search for
 
 
 9
 Cocaine ..., and other narcotic drugs and/or other paraphernalia used in the taking of drugs and/or preparation of illegal drugs for sale, use or shipment, records of illegal transactions, articles of personal property, papers and documents tending to establish the identity of persons in control of the premises, contraband including but not limited to money, guns, scales, plastic bags, cigarette rolling papers and all other evidence of the violation of the Ohio drug laws; To wit: 2925.03 and 2925.11 of the Ohio Revised Code et seq.
 
 
 10
 (App. 28).
 
 
 11
 In United States v. Rey, 923 F.2d 1217 (6th Cir.1991), we addressed a similar argument. In Rey, a controlled delivery of cocaine rather than a controlled purchase was involved, but we cannot see any logical distinction stemming from this fact alone. In upholding a warrant which allowed a search similar in breadth to the one here, we observed:
 
 
 12
 Moreover, other circuits have rejected the claim that a warrant authorizing a search for drug paraphernalia as well as contraband is overbroad, even though based only on the knowledge of a controlled delivery. United States v. Washington, 852 F.2d 803, 804-05 (4th Cir.), cert. denied, 488 U.S. 974, 102 L.Ed.2d 547, 109 S.Ct. 512 (1988) ("sure course" of destination of controlled delivery package addressed to fictitious name gives probable cause for anticipatory warrant to search premises to which package is addressed for "a quantity of drug paraphernalia, papers, notes, bank records, identification documents and other items of evidence"); United States v. Malik, 680 F.2d 1162, 1165 (7th Cir.1982) (defendants' claim that search warrant issued after a controlled delivery of baseballs containing drugs was too broad to allow agents to seize papers and documents related to drug dealing has no merit if warrant is specific and details the facts surrounding the discovery of the drug subject to the controlled delivery); United States v. Dubrofsky, 581 F.2d 208, 213 (9th Cir.1978) (search of defendant's residence pursuant to warrant for "passports, correspondence, telephone bills and other evidence of residence, narcotics, and narcotics paraphernalia" is upheld following arrest of defendant who received controlled delivery elsewhere).
 
 
 13
 Based on these three cases, we believe that in the circumstances of the present case there was probable cause to issue a warrant for "controlled substances, records of narcotics activities, documents, paraphernalia and other evidence of drug dealing and importation."
 
 
 14
 Rey, 923 F.2d at 1220-21 (footnotes omitted).
 
 
 15
 We agree with the holding and logic of Rey as well as the cases relied upon in Rey from other circuits. We find that the items listed in the warrant were justifiably within the scope of what reasonably might be expected to be found when searching this suspected crack house.
 
 III.
 Defendant's final argument is:
 
 16
 An affidavit that is shown to contain outright lies, gross distortions (made with no regard for the truth) and which is also shown to misrepresent facts known to the affiant, cannot be regarded as "supported by oath" as required by the Constitution as an essential ingredient for the probable cause that must exist and support the issuance of a warrant.
 
 
 17
 (Def's Brief at 24).
 
 
 18
 Pursuant to defendant's request, the trial court conducted a hearing in connection with a motion to dismiss filed by the defendant. At the hearing, the only evidence that surfaced to support defendant's contentions was that the police officer who swore to the affidavit was not the officer who personally took the telephone calls from the concerned citizens. Rather, other police officers received these calls and relayed the information to the affiant. Although this is a technical discrepancy, it is not the type that would fatally taint the affidavit and warrant.
 
 
 19
 Lee's other argument on this issue goes to the affiant officer's credibility, and defendant has indicated no reason why the issuing magistrate or the district court at the suppression hearing should not have found the officer's testimony creditable. We find no merit to Lee's suggestion that the lack of corroboration of some of the officer's testimony given under oath somehow supports an allegation of untruthfulness.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable James P. Churchill, United States District Court, Eastern District of Michigan, sitting by designation
 
 
 [1]
 18 U.S.C. § 924(e)
 
 
 [2]
 21 U.S.C. § 841(a)(1)