**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David LAWSON, Defendant–Appellant.**

**No. 92–4294.**

United States Court of Appeals, Sixth Circuit.

Argued June 28, 1993.

Decided July 23, 1993.

Williams R. Evans (argued and briefed), Office of the U.S. Atty., Cleveland, OH, for plaintiff-appellee.

Sonja C. Rowan (argued and briefed), Federal Public Defender's Office, Cleveland, OH, for defendant-appellant.

Before: MILBURN and NORRIS, Circuit Judges; and WISEMAN, District Judge.*

WISEMAN, District Judge.

Defendant appeals the denial of his motion to suppress following his conditional guilty plea to possession with intent to distribute cocaine.

## I.

On September 11, 1991, Postal Inspector Michael T. Corey, while working at the Cleveland Hopkins Air Mail Facility, encountered an Express Mail package addressed to "David Lawson, 4666 State Rt. 43, Kent, Ohio, 44340," bearing a return address of "Jeff Keller, 3150 W. Lewis Ave., Phoenix, AZ 85305." The package aroused Inspector Corey's suspicion in that (i) it originated from a known source area for narcotics; (ii) had a nonexistent return address; (iii) was heavily wrapped in tape; and (iv) gave off the odor of coffee (a common technique employed by narcotics traffickers to mask the odor of cocaine). A narcotics canine subsequently alerted on the presence of narcotics. A search warrant was obtained, the package was searched, and was found to contain approximately six ounces of cocaine. The package was then resealed in order to make a controlled delivery to 4666 State Rt. 43.

On September 12, 1991, before the controlled delivery was attempted, a search warrant for the 4666 State Rt. 43 premises was issued by Magistrate Judge Bartunek. In the affidavit, Inspector Corey made it clear that execution of the warrant would take place only if the package was "successfully delivered and taken inside the residence." The affidavit in support of the warrant contained a description of the package (its contents), the description of how the cocaine was concealed in the package in an attempt to avoid detection, and the fact that the return address was phoney. Also contained in the affidavit was Inspector Corey's conclusions of what could fairly be expected to be found at the place to be searched based upon the above facts and upon his training and experience in narcotics investigations. These items included: the express mail package to be delivered in the controlled delivery, "records of other Express mailings, cocaine, drug implements used in the sale and distribution of cocaine, triple beam scales, documents, records, cash, ledgers, and receipts related to cocaine transactions."

On September 12, 1991, the controlled delivery took place—the defendant signed for the package and took it into the residence. Shortly after the delivery, the search warrant was executed. Inside the residence, the officers found the opened package on the defendant's sofa. By the sofa on the living room floor, the officers found drug parapher-

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

nalia, pipes, filters, other express mail receipts from Akron, Ohio to Phoenix, Arizona, two small mirrors and one razor blade. Elsewhere in the house, the officers found more drug paraphernalia and a box containing a scale and a box of plastic baggies.

The defendant was subsequently indicted on three counts. The defendant filed a motion to suppress the evidence obtained in the September 12, 1991 search, and the motion was overruled on June 26, 1992. The defendant entered a guilty plea to count one of the indictment, was sentenced by the court, and timely filed this appeal.

## II.

On appeal, the defendant argues that the district court was in error in not suppressing evidence obtained in a search of the defendant's residence pursuant to a search warrant that was based upon the discovery in transit of a package addressed to that place and containing an amount of cocaine.

For the reasons discussed below, we reject the defendant's argument and affirm the district court.

## A.

The defendant points out that the affidavit did not contain results of surveillance of the address, nor did it contain information from other law enforcement agencies containing Mr. Lawson's known or suspected drug activities. The defendant asserts that, "[i]n fact, the sole link between Mr. Lawson and the alleged drug trafficking activities was his name as the addressee on the package, confirmed by his receipt of the package." The defendant argues that the September 12, 1991 warrant was issued without probable cause.

 The standard of review in this case is "... whether the Magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). "Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Loggins,* 777 F.2d 336, 338 (6th Cir.1985). Such a determination by the issuing judge or magistrate is to be accorded "great deference" by the reviewing court. *United States v. Algie,* 721 F.2d 1039, 1041 (6th Cir.1984). A judicial officer may give considerable weight to "the conclusion of experienced law enforcement officers regarding where evidence of a crime is likely to be found," *United States v. Fannin,* 817 F.2d 1379, 1382 (9th Cir.1987), and is "entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Angulo–Lopez,* 791 F.2d 1394, 1399 (9th Cir. 1986).

## B.

 This Court has approved anticipatory search warrants in *United States v. Rey,* 923 F.2d 1217 (6th Cir.1991). In that case, the defendant was convicted of conspiracy to distribute cocaine, on facts quite similar to the case at bar. A controlled delivery was made to the defendant who accepted the package (which was filled with 6 bricks of cocaine). The defendant moved to suppress the drug receipts and electronic equipment that had been obtained during the subsequent search, arguing that probable cause existed only for a search of the package, not the apartment. The affidavit only referred to the controlled delivery, and gave no information regarding illicit activity concerning the defendant or the residence. *Id.* at 1220.

The *Rey* Court noted the defendant-appellant's reliance on *United States v. Garcia,* 882 F.2d 699 (2d Cir.1989). In *Garcia,* the Second Circuit stated that a warrant authorizing a search for drug paraphernalia "might have been overbroad" if the only information in the affidavit related to the package in a controlled delivery. *Id.* at 704. The *Rey* Court first noted the factual similarities in the case before it to *Garcia.* At the suppression hearing, the government had presented additional evidence of the defendant's prior illicit activity. The residence had been under surveillance the day before the delivery, and the mail carrier stated that

a number of similar packages had been delivered to the same location in the past. *Rey*, 923 F.2d at 1220. However, these facts were not relevant to the Court's holding, since these facts were not known to the magistrate at the time of the probable cause determination.

The Court was unwilling to adopt the Second Circuit's position in *Garcia*. The Court pointed out that "other circuits have rejected the claim that a warrant authorizing a search for drug paraphernalia as well as contraband is overbroad, even though based only on the knowledge of a controlled delivery." *Id.* The Court cited cases from the Fourth, Seventh, and Ninth Circuits as supporting the proposition that if a package in transit is discovered to contain illegal contraband, then that is enough to constitute probable cause for a broader search for additional illegal drugs, drug paraphernalia and documentary evidence at the addressee's residence. *See United States v. Washington*, 852 F.2d 803 (4th Cir.), *cert. denied*, 488 U.S. 974, 109 S.Ct. 512, 102 L.Ed.2d 547 (1988); *United States v. Malik*, 680 F.2d 1162 (7th Cir.1982); *United States v. Dumbrofsky*, 581 F.2d 208 (9th Cir.1978). Judge Keith, concurring on other grounds with the majority, disagreed with the majority that a controlled delivery alone creates probable cause for the search of a residence. He expressed concern over "potential innocent receivers of drugs who have not been linked to the drug packages." *Rey*, 923 F.2d at 1224 (Keith, J., concurring in the result).

These concerns are extremely remote, especially in the context of a controlled delivery of a quantity of drugs presumptively sufficient to constitute possession for resale. The Court agrees with the district court in this case who noted that Judge Keith's concerns were present in the case, but felt that the magistrate "was entitled to give considerable weight to Corey's conclusions and inferences regarding what would be found at the residence, based on his experience with and training in narcotics trafficking."

Although *Rey* may be read to stand for the proposition that a warrant to search an address may be based solely on the fact that a package containing illegal substances is on a "sure course" to its destination (as in the mail), we note that in *Rey* and the instant case there were additional facts in the magistrate's consideration of the "totality of the circumstances." The magistrate judge was in a position to determine that one does not send six ounces of cocaine through the mail to a specific address on a whim. The magistrate judge also knew through the affidavit that the cocaine in the package was concealed in an attempt to avoid detection. This factor makes it less likely that the defendant was "set up" by someone and more likely that the cocaine was intended to reach its destination undetected. All of the information contained in the affidavit could reasonably lead a person to conclude that an experienced trafficker in narcotics sent the package in question. Consequently, it was very likely the address on the package was the one at which it was intended to arrive.

Under the "totality of the circumstances," the magistrate had a "substantial basis" for finding probable cause.

### III.

Although we hold that there was probable cause for the issuance of the warrant, we note that the parties also argued the application of the good faith exception of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The officers certainly acted in good faith in executing the judicially approved warrant, and reasonably relied on the judicial officer's probable cause determination. The *Rey* case had already been decided by the time the events in question took place, and the magistrate was reasonable in relying on it.

### IV.

The Order of the district court denying the defendant's motion to suppress is hereby AFFIRMED.