19 F.3d 13
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime VILORIO, Defendant-Appellant.
 No. 93-5394.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 7, 1994.
Decided: March 4, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-92-518)
 Jon Rene Josey, Rogers, McBratney & Josey, Florence, SC, for Appellant.
 J. Preston Strom, Jr., United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Office of the United States Attorney, Charleston, SC, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jaime Vilorio appeals his conviction after a guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C.A. Secs. 841(a)(1), 846 (West 1981 & Supp.1993). The court sentenced Vilorio to 120 months imprisonment, ordered five years of supervised release, and assessed a $50 special assessment. Vilorio's attorney filed an Anders* brief but stated that no meritorious issues exist for appeal. Vilorio was served a copy of the brief and notified of his right to file a supplemental brief, which he failed to do. After a complete and independent review of the record, we affirm.
 
 
 2
 Vilorio contends that the district court erred in imposing a ten-year mandatory minimum sentence. Vilorio and the government stipulated that the conspiracy involved between five and fifteen kilograms of cocaine. Vilorio did not object to the stipulation at either the plea hearing or the sentencing hearing. Therefore, his failure to object precludes him from challenging on appeal the amount of cocaine involved. United States v. Washington, 852 F.2d 803, 805 (4th Cir.), cert. denied, 488 U.S. 974 (1988). Based on the stipulation, the court properly imposed the mandatory minimum sentence in accordance with 21 U.S.C.A. Sec. 841(b)(1)(A) (West 1981 & Supp.1993).
 
 
 3
 We decline to address Vilorio's claim of ineffective assistance of counsel because this is not a case where ineffectiveness is apparent from the record. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). The issue of ineffective assistance is best reserved for a motion under 28 U.S.C. Sec. 2255 (1988).
 
 
 4
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 Anders v. California, 386 U.S. 738 (1967)