57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Craig B. PRINCE, Defendant-Appellant.
 No. 94-4118.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1995.
 
 Before BROWN, KENNEDY, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Defendant, Craig Prince, was arrested during the execution of an anticipatory search warrant conditioned upon a controlled delivery of a package containing cocaine. A federal grand jury indicted Prince on two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841 and 846, and 18 U.S.C. Sec. 2. Prince moved to suppress the evidence, challenging the validity of the warrant. Following the district court's denial of the motion, Prince entered a conditional plea of guilty on the second count, and now appeals. For the following reasons, we AFFIRM.
 
 I.
 
 2
 On April 13, 1994, a package was mailed through Federal Express from Rialto, California to a "Kieth [sic] Brown" at 17306 Wayne, Cleveland, Ohio. The Fed Ex employee at the sending station became suspicious of both the sender and the package, and therefore, placed a request for the package to be inspected by Fed Ex's security department. The package was sent to the security office in Memphis and subsequently opened and weighed pursuant to company policy. The package contained, among other things, four individual packages of a white powdery substance. The security officers contacted Detective Kwane Morris from the Drug Enforcement Administration who field-tested the white substance and determined that the substance was cocaine. Morris then sent the parcel to Detective Debra Harrison in Cleveland, Ohio.
 
 
 3
 Harrison determined, after an investigation, that the parcel was mailed to a fictitious name, and that Prince was the actual occupant of the premises to which the package was addressed. Harrison replaced some of the cocaine in the individual packages with detergent and resealed the parcel. Harrison then proceeded with a plan to make a controlled delivery, obtaining an anticipatory search warrant from federal magistrate judge David Perelman. It was Harrison's plan to "deliver" the parcel to the described residence, allow the addressee to open and inspect its contents, and then conduct a search to retrieve the parcel and any other relevant evidence.
 
 
 4
 The warrant issued on April 13th stated in pertinent part:
 
 
 5
 Affidavit(s) having been made before me by DEBRA HARRISON who has reason to believe that on the premises known as 17306 Wayne Drive, Cleveland, Ohio, Cuyahoga County, In the Northern District of Ohio. There is concealed COCAINE, and other narcotic drugs and/or other paraphernalia used in the taking of drugs and/or preparation [sic] of illegal drugs for sale, use or shipment, records of illegal transactions, articles of personal property, papers and documents tending to establish the identity of persons in control of the premises....
 
 The attached affidavit provided in part:
 
 6
 F. On April 14, 1994, Special Agents of the Drug Enforcement Administration and members of the Drug Enforcement Administration Task Force plan to deliver the package to the addressee, located at 17306 Wayne Drive, Cleveland, Ohio. An agent will pose as a Federal Express Employee, and make delivery.
 
 
 7
 G. Your Affiant [Harrison] will wait a reasonable period of time to allow the addressee to open the package and examine the contents. This search warrant will be executed and the package and controlled substance will be retrieved.
 
 
 8
 On April 14, the next day, a federal agent posing as a deliveryman for Fed Ex delivered the parcel to the Prince home. Prince received and signed for the package. A short time after completing the delivery of the package, the officers, according to the plan, entered the premises, executed the search warrant, and arrested Prince.
 
 
 9
 In May 1994, a federal grand jury indicted Prince, charging him with possession with intent to distribute cocaine (4 kilograms) in violation of 21 U.S.C. Secs. 841 and 846, and 18 U.S.C. Sec. 2. In June 1994, Prince filed a motion to suppress the evidence. He contended that the search warrant was ambiguous and therefore fatally defective because it lacked the specificity and clarity required by law. The government argued that the warrant was valid inasmuch as the Harrison affidavit attached to the warrant provided the necessary specificity and particularity for the warrant. The district court held an evidentiary hearing, and issued an order denying Prince's motion to suppress. On August 9, 1994, Prince entered a conditional plea of guilty to Count two of the indictment and was sentenced to 70 months incarceration. Prince now appeals, challenging the denial of his motion to suppress.
 
 II.
 
 10
 Anticipatory search warrants are peculiar to property in transit. Such warrants--warrants that are issued in advance of the receipt of particular property at the premises designated in the warrant--are not unconstitutional per se. United States v. Lawson, 999 F.2d 985 (6th Cir.), cert. denied, 114 S.Ct. 574 (1993). However, in issuing an anticipatory search warrant, "the magistrate must set conditions ... that are 'explicit, clear, and narrowly drawn so as to avoid misunderstanding or manipulation by government agents.' " United States v. Ricciardelli, 998 F.2d 8, 12 (1st Cir.1993). There are two particular situations in which the anticipatory warrant must restrict the discretion of government agents. First, the warrant must ensure that "the triggering event is both ascertainable and preordained." Id. Second, "the contraband must be on a sure and irreversible course to its destination, and a future search of the destination must be made expressly contingent upon the contraband's arrival there." Id.
 
 
 11
 On appeal, Prince argues that the language in the search warrant creates fatal errors that make the warrant invalid. Specifically, Prince first argues that the language in the warrant is conflicting and ambiguous, and therefore, leaves too much discretion to the executing officers. Prince contends that the language in the April 13 warrant--"There is concealed cocaine"--intimates that probable cause exists on the 13th, versus the "anticipatory" language that the search warrant is valid on the 14th after the controlled delivery has taken place. Prince alternatively argues that the warrant failed to define the triggering event for the search.
 
 
 12
 Prince's claims are without merit. First, it is clear that the triggering event was the controlled delivery of the package. Although it is preferable that the warrant be as specific as possible, the fact that the warrant does not expressly make such a statement does not render the warrant void. See United States v. Rey, 923 F.2d 1217, 1221 (6th Cir.1991) ("A reasonable inference can be made that the warrant authorizes a search only after the controlled delivery has occurred. If the controlled delivery had not occurred, then the warrant would have been void."). An anticipatory warrant is nevertheless valid even though it does not state on its face the conditions precedent for its execution, so long as "1) 'clear, explicit and narrowly drawn' conditions for the execution of the warrant are contained in the affidavit that applies for the warrant application, and 2) those conditions are actually satisfied before the warrant is executed." United States v. Moetamedi, 46 F.3d 225, 229 (2nd Cir.1995).
 
 
 13
 These requirements were satisfied in the instant case. The warrant specifically stated that there was to be a controlled delivery on April 14th. The affidavit dictated that the officers "will wait a reasonable period of time to allow the addressee to open the package and examine the contents." Testimony from Detective Harrison also made it clear that if the package had not been successfully delivered the search warrant would not, and could not, have been executed. Thus, the warrant and affidavit state clear and precise conditions for the execution of the warrant, and these conditions were satisfied on the successful controlled delivery of the package at the location identified in the warrant--the Prince residence. See United States v. Washington, 852 F.2d 803, 804-05 (4th Cir.), cert. denied, 488 U.S. 974 (1988). We therefore find that the district court was correct in denying Prince's motion to suppress. We AFFIRM.